I concur in the portion of the majority's opinion affirming the majority of appellees' motions for summary judgment. I respectfully disagree with the majority's decision reversing the trial court's decision to grant summary judgment on appellant's defective design claim against appellee Browning Arms Company ("Browning").
Appellant's defective design claim is predicated on appellant's assertion that the authentic replica Browning 1886 rifle was defective because it did not have a modern external, manual safety. The trial court granted summary judgment to Browning for the following reasons:
The rifle was designed as a true replica. It would be impossible to create a true replica with an external safety devise, which did not exist in 1886.
Appellant's witness, George Greene's personal conclusions about the design of the Browning rifle and its lack of external safety was not
supported by an scientific, engineering or factual evidence.
The lack of the external sefety on the replica was open and obvious to appellant's uncle, who was knowledgeable in the use of rifles.
The proximate and superseding causes of appellant's injury was not a design defect, but rather the misuse and unsafe handling of the rifle by appellant's uncle, Edward Monaco.
The trial court concluded that these reasons were sufficient basis for the trial court's determination that summary judgment was warranted as a matter of law with respect to appellant's "defective design" claim. I agree.
Reviewing the record de novo, I reach the same conclusions as the trial court.
The Browning 1886 is a true replica. A lack of an external safety is "an inherent characteristic of the product," the elimination of which would compromise its "desirability" as an authentic replica. As such, there is no basis for a defective design claim under R.C. 2307.75. SeePerkins v. Wilkinson Sword, Inc. (1998), 83 Ohio St.3d 507; White v.Smith Wesson (2000), 97 F. Supp.2d 816, 2000 U.S. Dist. LEXIS 10074. The fact that another model has an external safety does not change this legal conclusion; it merely demonstrates that the other model is not an externally authentic replica.
Mr. Greene's testimony does not create a factual dispute for summary judgment purposes. Rather, Mr. Greene proffered his conclusory opinion that the absence of an external safety is a design defect and his undocumented conclusion that the "ordinary consumer" would not expect such design. A conclusory affidavit, without factual support, is not sufficient to raise an issue of fact for summary judgment purposes.Dresher v. Burt (1996), 75 Ohio St.3d 280, 293; Zeiger v. Shons (May 3, 2001), Cuyahoga App. Nos. 78150 and 78218, unreported, 2001 Ohio App. LEXIS 1991. Since Mr. Greene's personal conclusions are not supported by factual evidence in the record or in his affidavit, it is not enough to support a genuine disputed fact with respect to this issue.
Finally, as a matter of law, it is clear on the face of the record that the proximate cause and/or superseding cause of appellant's injury were the misuse and unsafe handling of the weapon by appellant's uncle, Edward Monaco. Mr. Monaco knew that the rifle had no external safety, yet he pointed it at appellant while loaded. This is the cardinal sin of gun ownership. No firearm can be designed to avoid the danger caused by such negligent operation of the weapon. In this case, appellant was not injured because of the rifle's design. He was hurt because of his uncle's negligence.
For these reasons, I would also affirm the trial court's grant of summary judgment on appellant's defective design claim, as well as the other claims and I would affirm the lower courts ruling in its entirety.